IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:20cr417-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| SHIRLEY ANN BLAKENEY | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

   **A forfeiture money judgment in the amount of $294,592, such amount constituting the proceeds that Defendant personally obtained as a result of the offense/s to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p).[1] For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of

---

[1] If restitution remains outstanding as of sentencing and Defendant does not have other assets with which to pay restitution, then the U.S. Attorney's Office, Western District of North Carolina, will request that the Department of Justice, Money Laundering and Asset Recovery Section, authorize restoration of forfeited assets to pay restitution. Defendant understands that, pursuant to 28 C.F.R. Part 9, the authority to grant restoration rests solely with the Money Laundering and Asset Recovery Section and not with the U.S. Attorney's Office, and that, regardless of whether restoration is or is not granted, Defendant consents to the forfeiture herein.

the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____ for
MATTHEW T. WARREN
Assistant United States Attorney

_____
SHIRLEY ANN BLAKENEY
Defendant

_____
NICOLE LYBRAND, ESQ.
Attorney for Defendant

December 28, 2020
_____
Date

_____
David S. Cayer
United States Magistrate Judge